UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE C.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00770-RLY-KMB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, Denise C., suffers from a variety of ailments, including degenerative disc disease, lumbago (low back pain), anxiety, PTSD, obesity, undifferentiated mixed connective tissue disorder, and osteoarthritis of the knees. She applied for disability insurance benefits on October 28, 2019, and for supplemental security income on December 20, 2019, from the Social Security Administration ("SSA"), alleging an onset date of December 20, 2018. The SSA denied her claims initially on March 9, 2020, and upon reconsideration on August 12, 2020. A telephonic hearing was held by an Administrative Law Judge ("ALJ") on June 24, 2021. The ALJ issued a decision on August 19, 2021, concluding that Plaintiff was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

---

[1] To protect the privacy of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

On April 19, 2022, Plaintiff filed a request for judicial review of the final decision of the Commissioner denying her benefits. The court referred the matter to the Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that this court uphold the Commissioner's decision finding that Plaintiff is not disabled.

Plaintiff objects to the R&R on three grounds: (1) the ALJ failed to adequately consider Plaintiff's complaints of pain; (2) the ALJ failed to consider Plaintiff's undifferentiated connective tissue disorder (an autoimmune disease) in determining her residual functional capacity ("RFC"); and (3) the ALJ erred by ignoring facts regarding Plaintiff's use of an assistive device. Pursuant to Federal Rule of Civil Procedure 72, the court reviews these issues *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence—i.e., evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Upon conducting a review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Having reviewed the record, the court agrees with the Magistrate Judge's recommendation. Plaintiff's first argument—that the ALJ failed to sufficiently consider Plaintiff's complaints of pain—is not supported by the record. The ALJ noted that in March 2019, Plaintiff experienced pain "radiating from her right buttock down her leg and into her foot," (Filing No. 8-2, Decision at 21); that in January 2020, Plaintiff "cited lack of activity due to back pain" and reported "bilateral knee pain that was intermittent

and fluctuating," (*id.*); that in June 2020, she "continu[ed] to complain of back and joint pain," (*id.* at 23); and that in 2021, she reported "fatigue and joint pain," (*id.*).

The ALJ also considered Plaintiff's complaints that her March 25, 2019 back surgery (L5-S1 discectomy) did not resolve her back pain, but he found her statements were inconsistent with the objective medical evidence in the record. For example, records following her surgery showed her "radiculopathy had resolved; imaging affirmed 'no ongoing impingement.'" (*Id.* at 21). She was referred to physical therapy for lingering musculoskeletal back pain, and upon discharge in September 2019, her therapist reported that although Plaintiff was not pain free, she was "doing much better now than prior to initiation." (*Id.*). And in October 2019, Plaintiff reported to her neurologist that her sciatica had responded to Lyrica. (*Id.*).

Plaintiff argues her positive response to treatment is not inconsistent with her allegations of disabling symptoms. But as the Magistrate Judge observed, it is not the job of this court to reweigh the evidence. *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("We cannot, however, substitute our judgment for the ALJ's when considering the weight of the evidence, and Jones must do more than point to a different conclusion that the ALJ could have reached to demonstrate that the credibility determination was patently wrong."). The ALJ adequately considered Plaintiff's complaints of pain and reasonably determined, based on the entire record, her pain was not disabling.

Plaintiff's next argument—that the ALJ's RFC failed to consider Plaintiff's undifferentiated connective tissue disorder in making his RFC determination—was not

3

before the Magistrate Judge[2] and is therefore waived. *Mallory v. Rush Univ. Med. Ctr.*, 2021 WL 458547, at *11 (N.D. Ill. Feb. 9, 2021) (explaining that "arguments not made before a magistrate judge are normally waived . . . [and] district courts should not consider arguments not raised initially before the magistrate judge") (quoting *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000)). But even considering Plaintiff's argument on the merits, the record indicates the ALJ did consider Plaintiff's connective tissue disorder in determining Plaintiff's RFC.

As an initial matter, the ALJ rejected Plaintiff's medical expert opinions and credited the state agency consultants' opinions. (Decision at 24–25). The state agency medical experts found Plaintiff could perform work at the light exertional level with the use of an assistive device. (Decision at 25). Notably, Plaintiff did not challenge the ALJ's assessment of the medical opinion evidence in her opening brief. *Vang v. Saul*, 805 Fed. App'x 398, 402 (7th Cir. 2020) ("But by not raising these contentions in the district court, he has forfeited them."). Because Plaintiff did not provide a persuasive opinion of greater limitations, the ALJ reasonably chose to accept the findings of the state agency medical experts.

Nevertheless, the ALJ found the state agency consultants' medical opinions only partially persuasive. (Decision at 25). He explained: "While the claimant's medical condition initially improved post-lumbar spine surgery, subsequent medical records show

---

[2] Before the Magistrate Judge, Plaintiff argued the ALJ did not adequately explain his finding that she was capable of light work through February 1, 2020, and sedentary work thereafter. (Filing No. 10 at 20).

her overall function decreased with the onset of her connective tissue disease, increased obesity, and osteoarthritis." (*Id.* (cleaned up)). In addition, he noted Plaintiff continued to complain of back and joint pain to her primary care physician in June 2020. (*Id.*). The ALJ ultimately concluded: "The combined impairments are more consistent with function at the sedentary exertional level." (*Id.*). Other evidence in the record also supports this finding. (*See id.* at 23 (discussing Plaintiff's rheumatology records[3] showing Plaintiff complained of "fatigue and joint pain," but those records "do not support a need for greater functional limitations")). Accordingly, the court finds the ALJ adequately justified his RFC determination.

Plaintiff's last argument—that the ALJ committed error by ignoring facts related to her use of an assistive device to walk—also lacks merit. As the Plaintiff correctly asserts, the ALJ mistakenly noted Plaintiff was using "unprescribed assistive devices (cane and seated walker) to ambulate," (Decision at 23), when in fact the record contains a prescription for a rollator walker, (Filing No. 8-9, Ex. 17F at 14). This misunderstanding was due in part to Plaintiff's counsel, who told the ALJ at the hearing there were no prescriptions in the record for canes or walkers. (Filing No. 8-2, Hearing Tr. at 75). In any event, the ALJ considered Plaintiff's reports of using an assistive device, (Decision at 23, 25), but he also considered her January 2021 statement to her mental health counselor where she "report[ed] not using her cane because she does not want it to ruin her posture or how she walks, and she is not willing to use a wheelchair/scooter/walker." (Decision

---

[3] Ex. 21F, cited by the ALJ, shows Plaintiff's connective tissue disease was "mild" and her fibromyalgia tender point exam remained at 0/18. (Filing No. 8-9 at 9, 19).

5

at 23, citing Ex. 25F).  Plaintiff argues she may not have wanted to use an assistive device, but the important fact is that she did use one.  As the Magistrate Judge correctly concluded, however, the ALJ's contrary interpretation of Plaintiff's statement—that Plaintiff's use of an assistive device was elective—was reasonable.  The ALJ also credited her use of a cane to walk in the RFC.  (Decision at 20) ("The claimant uses a cane to ambulate.")).

For the reasons just explained, the court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 17), and **AFFIRMS** the decision of the Commissioner finding Plaintiff is not disabled.  Final judgment consistent with this opinion shall issue forthwith.

**SO ORDERED** this 21st day of August 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.